**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4370-17T4

VINCENT LEPORE,

     Plaintiff-Appellant,

v.

BOROUGH OF SEA BRIGHT,

     Defendant-Respondent.

_____

Submitted October 2, 2019 – Decided January 14, 2020

Before Judges Fasciale, Rothstadt, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1090-16.

Vincent Lepore, appellant pro se.

McLaughlin, Stauffer & Shaklee, PC, attorneys for respondent (Roger J. McLaughlin and Jason A. Leacock, on the brief).

PER CURIAM

Plaintiff Vincent Lepore appeals from the Law Division's March 29, 2018 orders denying his motion for partial summary judgment against defendant, the Borough of Sea Bright, and granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim under Rule 4:6-2. Plaintiff's complaint arose from defendant's adoption of an ordinance that vacated a small portion of a paper street that appeared on the municipal tax map.

On appeal, plaintiff challenges the motion judge's determinations that he lacked standing to challenge the ordinance, that defendant acted properly within the scope of N.J.S.A. 40:67-19, and that defendant's actions did not violate the Public Trust Doctrine. He also argues that the trial judge erred in considering the certification of defendant's municipal administrator that was filed in support of its motion. We affirm because we conclude plaintiff's contentions are without any merit.

In January 2016, defendant's council introduced Ordinance #01-2016, authorizing the vacation of defendant's interest in a portion of the paper street designated as Bellevue Place, after the owner of the adjacent property asked to build a deck on his property. Bellevue Place is not an improved street. Although it appears on a 1921 tax map, defendant never owned any part of the land upon which the street was designated on the map, and it never approved the subject portion as a public

street. The area in question is approximately 900 square feet of unimproved land with no signage or other indicia of defendant's use or ownership. Six privately owned lots front on Bellevue Place, which lies between those lots and the Shrewsbury River. In 1959 and 1997, defendant vacated by ordinance other portions of Bellevue Place so that the only portion that remained unvacated was the subject portion that lies between the private property designated as Lot 10 in Block 29 and the river.

Atlantic Way and Willow Way, both improved borough public streets, intersect with Bellevue Place. Between the two streets' intersection with Bellevue Place, there is a boat basin that provides access to the Shrewsbury River. Although according to defendant, while the public generally accessed the river through Atlantic Way and Willow Way, including the portion of Bellevue Place that "[s]urrounds the 'boat basin,'" and through the end of Bellevue Place, some members of the public used the disputed area in order to access the shores of the river and for recreation purposes.[1]

---

[1] At the public hearing, members of the public, including those whose properties used to abut Bellevue Place before earlier portions were vacated, disagreed with the extent to which anyone, other than the neighbors, ever used the property in dispute for any purposes.

In its preamble, the challenged Ordinance recognized that the paper street had "never been utilized by [defendant as] a public street." For that reason, under N.J.S.A. 40:67-19, defendant "determined that the public interest will be better served by releasing these lands and extinguishing the public right to this property in that, among other things, it will increase the tax base for the Borough and will not vacate or eliminate the end of street public access."

A public hearing preceding the adoption of the Ordinance was held on February 2, 2016. At the hearing, among other people, plaintiff, who is not a resident of defendant, spoke against the Ordinance, and contended that, "[t]he highest and best use for this property is not a deck. The highest and best use is upholding the [P]ublic [T]rust [D]octrine for Sea Bright, and that is public access" to the Shrewsbury River. The adjacent property owner spoke in favor of the Ordinance, stating that it was in his interest to vacate the paper street. He also addressed plaintiff's concerns and stated that defendant would retain public access to the river. The owner was supported by many of his neighbors who also spoke in favor of the Ordinance at the meeting.

At the conclusion of the hearing, the council voted four to two in favor of adopting the Ordinance as amended. As amended, the Ordinance vacated defendant's interest, but made clear that "[t]he act of vacating the identified portion

of Bellevue Place shall not vacate or eliminate the end of street public access." The Ordinance was later filed with the Monmouth County Clerk, and the vacated portion of Bellevue Place "merg[ed] with and [became] part of Lot 10 in Block 29," the adjacent private property.

On March 28, 2016, plaintiff filed a complaint in lieu of prerogative writs alleging that defendant violated the Public Trust Doctrine by "illegally transferring tidal waterfront property, under public domain, to a private party, thus denying [plaintiff] and others full use of th[e] property" (count one). He also alleged defendant "violated [N.J.S.A.] 40:67-19 by illegally vacating a public street, for the 'selfish' reasons of an individual, at the expense of serving the public interest at large" (count two).

On November 21, 2017, plaintiff filed a motion for partial summary judgment as to count two of his complaint. In his supporting certification, plaintiff stated that he and others had used the unpaved portion of Bellevue Place "for recreation purposes and for access to and enjoyment and use of the tidal waters and views of the Shrewsbury River." He argued that N.J.S.A. 40:67-19 does not facially apply because the statute requires that a public street not have been accepted or opened by the municipality, whereas "Bellevue Place was long ago dedicated and accepted and opened as a public street." Alternatively, plaintiff contended that even if Bellevue

Place was a public street, the statute nevertheless does not apply because it requires that "the public interest will be better served" by the action, and here, it would not.

Rather than responding to plaintiff's motion, on December 22, 2017, defendant filed its motion under Rule 4:6-2 to dismiss, arguing that as a nonresident, "plaintiff lack[ed] standing to challenge the [O]rdinance," and that defendant "did not violate N.J.S.A. 40:67-19." In support, defendant filed the certification of Joseph Verruni, the Borough Administrator. Verruni explained that "[p]ublic access to the Shrewsbury River at this particular location in Sea Bright is and has always been through the paved portions of Atlantic Avenue and Willow Way" and not through Bellevue Place, as plaintiff contended. Additionally, Verruni stated that "[t]here are no records indicating that the Borough ever owned the paper street portion of Bellevue Place."

After considering oral argument on March 29, 2018, the motion judge placed her findings on the record. Addressing standing, she found that plaintiff as a nonresident lacked standing to challenge the Ordinance because "the disposition of a parcel of land consisting of approximately 900 square feet [does not] constitute[] an issue of 'great public interest,'" especially because there are alternative means of public access to the water. There was also "no proof that the property . . . was ever

owned by the Borough such that the plaintiff or others would have the right to use it for their own purposes."

Despite finding plaintiff lacked standing, the judge next considered the merits of plaintiff's argument "that the statute only applies to situations" where a street was "never accepted or opened." The judge concluded that Bellevue Place was never "opened," but "remained in an unimproved state at all times relevant to this matter," and "[t]he fact that plaintiff or others may have used the land to gain access to the water does not transform the unimproved land to a road open and accepted by the municipality."

Turning to plaintiff's argument that the public interest would not be served by vacating the land and that the Ordinance only stands to benefit the private interest of the adjacent homeowner, the judge concluded that defendant never obtained an ownership interest in the parcel. She found that "by vacating the paper street the Borough is simply returning to the owner the right to use his property after the basis for exercising control over the property in the first instance no longer exists."

The judge rejected plaintiff's contention that defendant's stated rationale for the Ordinance—increasing the tax base—is "specious" because it "fails to benefit the public at large [and] . . . negatively impacts the public interest by depriving them of the ability to enjoy the space." She found that although Bellevue Place in its

7

entirety "was dedicated as a public street in 1921," "[t]here is no evidence . . . indicating that the last remaining portion of Bellevue Place that is to be vacated by this particular ordinance was ever really developed into an open public street." Public use requires use "consistent with the express purpose for which the land is dedicated. In the case of a street it requires that the land actually be used as a street" and here, "the land is unpaved and . . . aside from some occasion[al] recreational activities upon the land, the property is not utilized as a thoroughfare."

The judge also found that there was "no evidence of any official conduct which manifests an intent to treat the land in question as dedicated to the public use." The judge concluded "that there [was] insufficient evidence that the property was ever opened or accepted by [defendant] and that [defendant's] actions [were] in compliance with N.J.S.A. 40:67-19." Further, she found that the modest increase in defendant's tax base, among other reasons, provided sufficient "justification for [defendant's] actions."

Additionally, the judge found that the Public Trust Doctrine was not applicable because defendant's "intention in creating the paper street was to have the option of building a road at this location at some point in the future if it so chose," and "therefore, it would be antithetical to [that] purpose . . . [to] preserve the property as a public access point for tidal waters." The judge explained that "plaintiff

failed to produce any admissible evidence supporting" his claims regarding the Public Trust Doctrine and moreover, cited only to cases involving "ocean access, which is not an issue" here. Even if plaintiff "prove[d] that the land [was] flowed by tidal waters, the . . . Doctrine still would . . . not . . . apply because [there is alternative] reasonable access to the river."

The judge entered two companion orders that day: the first denying plaintiff's motion for summary judgment, and the second granting defendant's motion to dismiss plaintiff's complaint. This appeal followed.

We begin our review by addressing plaintiff's challenge to the dismissal of his complaint under Rule 4:6-2. "We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court." Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014). A reviewing court must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . . " Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J.Super. 244, 252 (App. Div. 1957)). A trial court's role is simply to determine "whether a cause of action is 'suggested' by the facts." Ibid. (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192

(1988)). Although this standard is "a generous one" for plaintiff, a pleading will "be dismissed if it states no basis for relief and discovery would not provide one." Green v. Morgan Props., 215 N.J. 431, 451 (2013); Rezem Family Assocs. LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011).

Applying that standard, we turn our attention to the "threshold justiciability determination of whether" plaintiff has standing, i.e, a sufficient interest in the matter so as to allow him "to initiate and maintain an action." Spinnaker Condo. Corp. v. Zoning Bd. of Sea Isle City, 357 N.J. Super. 105, 110 (App. Div. 2003). Standing requires a plaintiff to have: (1) "a sufficient stake in the outcome of the litigation"; (2) "a real adverseness with respect to the subject matter"; and (3) "a substantial likelihood . . . [of] suffer[ing] harm in the event of an unfavorable decision." In re Camden Cty., 170 N.J. 439, 449 (2002). In making determinations about standing, we "traditionally [apply a] generous view of standing." In re State Contract A71188, 422 N.J. Super. 275, 289 (App. Div. 2011).

Here, as plaintiff is not a resident of defendant, the only "sufficient stake" he could have had in the outcome of this matter is that, as he alleged, as a member of the general public, his access to the river would be terminated. In re Camden Cty., 170 N.J. at 449. However, there is no evidence in the record to support plaintiff's contention that he could be deprived of that access, especially in light of the

amendment to the Ordinance that made clear that such access would be maintained. We therefore agree with the motion judge's determination that although plaintiff could bring a claim alleging his access was completely denied, the record did not establish that harm. For that reason, he lacked standing to maintain his claim.

Even if plaintiff had standing, we conclude the motion judge correctly granted defendant's motion. At the outset, we reject plaintiff's contention that the motion judge improperly considered Verruni's certification. First, plaintiff did not raise any objection about her consideration of the certification to the judge. Under these circumstances, we will not consider arguments not previously raised. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Second, even if it was raised, we conclude that, contrary to plaintiff's contentions on appeal, Verruni's certification complied with the requirements of Rule 1:6-6, and the attachments to it were public records admissible under N.J.R.E. (803)(c)(8). See R. 1:6-6.

We turn next to plaintiff's contention that, contrary to the motion judge's determination, he maintained a viable claim that defendant's actions were not authorized by N.J.S.A. 40:67-19. According to plaintiff, vacating the paper street was not in the public interest and, in any event, the statute only applies where "there is a subdivision and streets are approved but never dedicated, accepted, or opened. And later there is a desire to remove the dedication of an approval of a [s]treet that

11

never existed from a subdivision never completed," which was "not the case here." We find no merit to his contention.

Before reaching the dispute about the statute, we initially observe that the standard of judicial review applicable to actions of municipal governments is highly deferential. We do not sit in judgment of the wisdom of municipal actions. Municipal ordinances and resolutions are presumed to be valid and rational. See First Peoples Bank of N.J. v. Twp. of Medford, 126 N.J. 413, 418 (1991). In the absence of a constitutional or statutory violation, municipal action may be overturned only if it was "arbitrary, capricious or unreasonable." Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013); Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332 (App. Div. 2010); Cohen v. Bd. of Adjustment, 396 N.J. Super. 608, 615 (App. Div. 2007). "[M]unicipal action is not arbitrary and capricious if exercised honestly and upon due consideration, even if an erroneous conclusion is reached." Bryant v. City of Atl. City, 309 N.J. Super. 596, 610 (App. Div. 1998). "[A] challenge to the validity of a municipal . . . action must overcome the presumption of validity—a heavy burden." Ibid.

"The . . . decision to vacate lies in the sound discretion of the governing body and that power is subject to limited review by the courts." Menk Corp. v. Twp. Comm. of Barnegat, 389 N.J. Super. 263, 267 (Law Div. 2006) (citing Con Realty

12

Co. v. Ellenstein, 125 N.J.L. 196 (Sup. Ct. 1940)). A municipality's decision to vacate "is only subject to judicial review based on constitutional claims, those instances tainted with fraud or palpably not in the service of a public interest, or when there is a clear perversion of the power itself." Ibid. (first citing Pyatt v. Dunellen, 9 N.J. 548, 553-54 (1952); then citing Howell Props. Inc. v. Twp. of Brick, 347 N.J. Super. 573, 580-81 (App. Div. 2002); and then citing Con Realty Co., 125 N.J.L. at 198-99)).

Here, defendant relied upon N.J.S.A. 40:67-19 when it vacated the paper street. That statute provides:

> Whenever there shall have been a dedication of lands as a public street . . ., and the same has not been accepted or opened by the municipality, and it shall appear to the governing body that the public interest will be better served by releasing those lands or any part thereof from such dedication, the governing body may by ordinance release and extinguish the public right arising from said dedication as to the whole or any part of those lands, and thereupon said lands or the part thereof so released shall be effectually discharged therefrom as though the dedication had not taken place; but only after notice of the intention of the governing body to consider any such ordinance, and a hearing thereon, shall have been given as provided in section 40:49-6 of this title concerning ordinances for the vacation of streets.
>
> [N.J.S.A. 40:67-19.]

13

"Dedication is 'the permanent devotion of private property to a use that concerns the public in its municipal character.'" Twp. of Middletown v. Simon, 193 N.J. 228, 240 (2008) (quoting Roger A. Cunningham & Saul Tischler, Dedication of Land in New Jersey, 15 Rutgers L. Rev. 377, 377 (1961)). "Dedication and acceptance are [two] separate and distinct matters." Englander v. W. Orange Twp., 224 N.J. Super. 182, 188 (App. Div. 1988). "Acceptance may . . . be effectuated by . . . official conduct which manifests an intention to treat the land in question as dedicated to public use." State v. Birch, 115 N.J. Super. 457, 464 (App. Div. 1971). Where a "'paper street' . . . was never used for travel nor was it formally accepted . . . a public interest never attache[s] to it," and it is subject to "vacation, [which results in it being] encompassed within the adjacent . . . land[,] . . . thereby los[ing] any claim of being a public right-of-way." Jersey Cent. Power & Light Co. v. Twp. of Lakewood, 174 N.J. Super. 394, 401 (Law Div. 1980).

Although the public may have, as alleged by plaintiff, maintained access to the river over the disputed portion of the paper street, there were no facts from the proceedings before the defendant's council or the motion judge that established defendant ever took any action to accept the dedication of the land. Additionally, in light of the stated public purpose, improving defendant's tax base, there was no evidence that vacating the paper street violated the statute or

14

was otherwise, arbitrary, capricious or unreasonable. For that reason, the motion judge correctly determined that plaintiff's complaint failed to state a cause of action upon which relief could be granted.

Last, we address plaintiff's contention that he could maintain an action under the Public Trust Doctrine. We disagree.

"The doctrine has been applied to ensure public access to beach areas." Twp. of Neptune v. N.J. Dep't of Envtl. Prot., 425 N.J. Super. 422, 439 (App. Div. 2012) (citing Times of Trenton Publ'g Corp. v. Lafayette Yard Cmty. Dev. Corp., 183 N.J. 519, 532 (2005)). It is applied to insure the public's "reasonable access to the sea." Ibid.; Matthews v. Bay Head Improvement Ass'n, 95 N.J. 306, 324 (1984). As already noted, defendant's actions here did not interfere with such access.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4370-17T4